MULLER v. KELLER.

(Supreme Court, Appellate Term. May 27, 1909.)

1. BILLS AND NOTES (§ 516*)—ACTION ON CHECK.
    In an action to recover a balance alleged to be due on a check, evidence *held* insufficient to sustain a judgment for plaintiff.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1800–1806; Dec. Dig. § 516.*]

2. LOST INSTRUMENTS (§ 23*)—ACTION ON CHECK.
    In order to recover a balance due on a check on the theory that it was lost, it was incumbent on plaintiff to prove its loss, to prove its contents, so as at least to identify it as the check set forth in the complaint, and to prove that he was the owner at the time of the trial.
    [Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 51–57; Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Adolph Muller against Eugenia Keller. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Richard A. Irving, for appellant.

Max S. Levine, for respondent.

SEABURY, J. The plaintiff seeks to recover a balance of $323 upon a check alleged to have been given to him by the defendant. The answer denied the allegation of the complaint, and pleaded that the check was without consideration. Upon the trial it was stated by counsel, but not proved, that the check was lost. The defendant admitted making and delivering a check for $423 to the plaintiff. The plaintiff claimed that $100 had been paid on account of this check. The defendant denied that she made this payment and testified that it was made by her husband, to whom she claimed the plaintiff sold the goods for which the check was given.

The judgment rendered cannot be sustained upon the evidence disclosed by the record. There is no proof that the check was lost, nor that it was drawn upon a bank or banker, nor of its date, nor as to how it was signed. The plaintiff also failed to prove that at the time he was the owner of the check. The court below accepted the statement of counsel for the plaintiff that the check was lost in lieu of proof, and gave judgment in favor of the plaintiff, without requiring the plaintiff to furnish a bond, as required by section 1917 of the Code of Civil Procedure. To recover upon the theory that the check was lost, it was incumbent upon the plaintiff to prove its loss, and to prove its contents, so as at least to identify it as the check set forth in the complaint, and to prove that he was the owner of the check at the time of the trial.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.